

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| DEAN A. HOLCOMB, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: 1:18-03182-MGL |
| | § | |
| LIEUTENANT JEFF KINDLEY; | § | |
| ASSISTANT SOLICITOR RUSSELL D. | § | |
| GHENT; LT. PENDERGRASS, also known | § | |
| as Pendergrass; and MAJOR STOWERS, | § | |
| also known as Marshall Stowers, all in | § | |
| their individual and official capacities, | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR COPIES,
DENYING PLAINTIFF'S MOTION FOR ACCESS TO A LAW LIBRARY,
ADOPTING THE REPORT AND RECOMMENDATION,
AND DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

This case was filed as an action under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court dismiss the complaint without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina. Also pending before the Court are Plaintiff's motion for copies and Plaintiff's motion for access to a law library.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on November 29, 2018, ECF No. 8, and the Clerk of Court entered Plaintiff's objections to the Report on December 10, 2018, ECF No. 10. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff first objects the Magistrate Judge "has her facts wrong," and Plaintiff alleged Defendants Kindley and Ghent made false statements in an earlier case before this Court. ECF No. 10 at 1-2. The Court, however, disagrees. The Magistrate Judge noted Plaintiff made allegations regarding Defendants Ghent and Kindley's purported false statements in court. ECF No. 8 at 2 (citing ECF No. 1 at 11-12). Those allegations included allegedly false statements made before this Court. ECF No. 1 at 11-12.

Further, to the extent Plaintiff seeks to relitigate claims raised in his earlier case before this Court, such claims would be barred by *res judicata*. The doctrine of r*es judicata* bars the

relitigation of a claim brought by the same parties or their privies in a prior lawsuit, and finally decided on the merits in the prior lawsuit. *Martin v. Am. Bancorp. Retirement Plan*, 407 F.3d 643, 650 (4th Cir. 2005). Here, Plaintiff previously brought a lawsuit in this Court, which was finally decided on the merits. *Holcomb v. Kindley*, C/A No.: 1:16-cv-00672-MGL, ECF Nos. 39, 40 (D.S.C. Jan 10, 2017, Jan. 11, 2017). Thus, to the extent Plaintiff is attempting to relitigate the claims finally decided on the merits in the prior lawsuit, such claims would be barred by *res judicata*. Accordingly, the Court will overrule Plaintiff's objection regarding his allegations of purported false statements by Defendants Kindley and Ghent.

The Magistrate Judge recommended Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff argues Defendants Pendergrass and Stowers allegedly hindering Plaintiff's access to his legal and other documents is a constitutional violation. The Court agrees with the Magistrate Judge.

In *Heck*, the United States Supreme Court held:

> in order to recover damages for an allegedly unconstitutional conviction or imprisonment [as Plaintiff seeks in the instant case] . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Heck*, 512 U.S. at 486-87. Absent such invalidation of the sentence or conviction, the § 1983 claim will not lie. *Id.* at 487. Here, Plaintiff has made no showing his sentence or conviction has been invalidated. Further, Plaintiff notes he "can not comment on Heck v. Humphrey at this time . . . ." ECF No. 10 at 2. For those reasons, the Court will overrule Plaintiff's objection regarding the application of *Heck v. Humphrey*, 512 U.S. 477 (1994).

3

Plaintiff's remaining objections parallel his motion for copies and his motion for access to a law library. Those objections fail for the same reasons Plaintiff's motions fail, as analyzed below. Accordingly, the Court will overrule Plaintiff's remaining objections.

In his motion for copies, Plaintiff seeks complete free copies of the case file in both the instant case, and his previous case before this Court. ECF No. 11. Plaintiff's earlier case is closed. *Holcomb*, C/A No.: 1:16-cv-00672-MGL. In the instant case, the Court will overrule Plaintiff's objections, adopt the Report, and dismiss Plaintiff's complaint without prejudice. Thus, the Court holds Plaintiff has failed to show the need for the free copies he requests. *See United States v. Glass*, 317 F.3d 200, 202 (4th Cir. 1963) (holding an indigent litigant is not entitled to a free transcript absent a showing of need). Accordingly, the Court will deny Plaintiff's motion for copies.

In his motion for access to a law library, Plaintiff asks the Court to order the South Carolina Department of Correction to grant him no less than 10 hours per week of access to the law library computers, so he can litigate this and other cases. ECF No. 12. "It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994). Plaintiff here fails to allege, much less show, such extraordinary circumstances. Accordingly, the Court will deny Plaintiff's motion for access to a law library.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it

herein. Therefore, it is the judgment of this Court Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process. Plaintiff's motion for copies and motion for access to a law library are both **DENIED**.

**IT IS SO ORDERED**.

Signed this 8th day of January, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.